UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-63187-CIV-SINGHAL

ROSA IVETTE MADRID ARITA

Petitioner,

v.

WARDEN, BROWARD TRANSITIONAL CENTER,

Respondent.
_______________________________________/

## ORDER DENYING PETITION FOR HABEAS CORPUS

**THIS CAUSE** is before the Court upon Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 and Request for Immediate Release from ICE Detention (the "**Petition**"). (DE [1]). Although the Court sympathizes with Petitioner and her unfortunate circumstances, the Petition is due to be denied for at least two reasons. *First*, the Petition suggests Petitioner has not exhausted her administrative remedies. Specifically, Petitioner asks the Court to order Respondent to specify whether she is detained under 8 U.S.C. Section 1226 or Section 1231, suggesting she has never moved for bond or release before the immigration judge. *See* (DE [1] ¶ 34). Having failed to explain how Petitioner exhausted her remedies or why exhaustion should be excused, the Petition fails to state a claim for habeas relief.

*Second*, and more fundamentally, the Court cannot make Petitioner's arguments for her. "Federal courts adhere to the principle of party presentation." *Margolin v. Nat'l Ass'n of Immigr. Judges*, 608 U.S. 339, 342 (2026) (citing *Clark v. Sweeney*, 607 U.S. 7, 9–10 (2025) (per curiam)). "That principle—the 'rule that points not argued will not be considered'—distinguishes our adversarial system of justice from an inquisitorial one." *Id.*

at 342 (quoting *United States v. Burke*, 504 U.S. 229, 246 (1992) (Scalia, J., concurring)). "Because courts are 'essentially passive instruments of government,' we rely on the parties to 'frame the issues for decision' and decide 'only the questions presented.'" *Id.* (quoting *United States v. Sineneng-Smith*, 590 U.S. 371, 375–76 (2020)).

But Petitioner frames no issues and makes no arguments. Instead, she submits that she does not know under what statute she is detained and asks the Court to "independently examine whether [her] continued detention is authorized under the correct federal statute and complies with applicable custody-review procedures and the Fifth Amendment." (DE [1] ¶ 9). In other words, Petitioner asks the Court to analyze whether her detention satisfies the applicable statute(s) and her due process rights without the benefit of argument or authority. Like requests color the entire Petition and every "ground" for relief. *See id.* ¶¶ 35–36, 39, 48.

Because the Petition fails to frame an issue for adjudication, it must be denied. Nevertheless, after Petitioner has exhausted her administrative remedies and assuming no other legal bar applies, she may return to this Court and again seek habeas relief. If and when she does, she is encouraged not only to present issues and argument for the Court's consideration but also to adequately brief those arguments, as "a party 'waives their claims by failing to brief them . . . .'" *Brown v. Ramsay*, 785 F. Supp. 3d 1214, 1229 (S.D. Fla. 2025) (quoting *A.L. v. Jackson Cnty. Sch. Bd.*, 635 Fed. App'x 774, 787 (11th Cir. 2015)). For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that:

1. The Petition (DE [1]) is **DENIED**;

[ORDER CONTINUES ON NEXT PAGE]

2. The Clerk of Court is respectfully directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.
3. Should Petitioner file a new Petition at a later date, it must be under a new case number but should indicate to the Clerk's Office that it is related to this case so that the Petition is properly assigned.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 16th day of November 2026.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished to counsel via CM/ECF